**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ANTHONY ARENA, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-2678 |
| § | |
| MAGY ADAM, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER**

The plaintiffs have moved for entry of default against the defendants, Rosalie O'Hara, Magy Adams, Hristoula Hadded, and Arteria Property Pty. Ltd. (Docket Entry No. 6). The plaintiffs have filed certificates of service and the returns for service of the summons for all four defendants. Rosalie O'Hara was personally served in New Jersey. The three other defendants were personally served in New South Wales, Australia. It appears that the plaintiffs hired a process server to serve the Australian defendants in Australia. The certificate of service attached to the plaintiffs' request for entry of default states that the Australian defendants were sent the motion for entry of default using USPS International Mail and that O'Hara was served using both regular and certified U.S. Mail.

Under Federal Rule of Civil Procedure 4(f)(1), a person who is not located within the United States may be served with process "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(2) specifies how foreign service of process may be effected when there is no international agreement or an international agreement allows but does

not specify other means of service. Rule 4(f)(2)(A) permits service "as prescribed by the foreign country's law for service in that country in an action it its courts of general jurisdiction," and Rule 4(f)(2)(C) permits a plaintiff to deliver "a copy of the summons and of the complaint to the individual personally" unless "prohibited by the foreign country's law."

In 2010, Australia acceded to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Hague Convention is mandatory in all cases to which it applies."). The primary form of service under the Hague Service Convention is service on a central authority designated by the government of the State in which the individual to be served is located. *See* 20 U.S.T. 362, T.I.A.S. 6638, Arts. 2–7. But other methods of service are also permitted. Article 19 permits service of process through other means to the extent that they are allowed by the internal law of a contracting State. *Id.*, Art. 19. Article 15 also states that, when a defendant has not appeared, a court should not grant default judgment until the plaintiff has shown that a writ of summons "was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory" or "the document was actually delivered to the defendant or to his residence by another method provided for by this convention." *Id.*, Art. 15.

Article 10(a) permits plaintiffs to "*send*" documents through postal channels if the destination state does not object. *Id.*, Art. 10(a)(emphasis added). In acceding to the Convention, Australia stated that it "does not object to *service* by postal channels, where it is permitted in the jurisdiction which the process is to be served. Documents forwarded via postal channels must be

sent via registered mail to enable acknowledgment of receipt." Hague Service Convention, Australia Declarations, Art. 10(a). However, in *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002), the Fifth Circuit held that Article 10(a) does not apply to service of process but does apply to the sending of other court documents after a party has been served with process.

Before the motion for entry of default can be granted, the plaintiffs must show, through a memorandum of law and, if appropriate, an affidavit, that they have complied with Articles 15 and 19 of the Hague Service Convention and Federal Rule of Civil Procedure 4(f)(2). Specifically, the plaintiffs must describe how personal service was effected and show that the service of the summons on the defendants is a method prescribed by Australia's domestic laws.

The plaintiffs must also show that they complied with Article 10(a) of the Hague Service Convention in serving the request for entry of default. The plaintiffs must inform this court whether the applicable laws of Australia and New South Wales permit court documents filed after service of process to be served by registered mail. If so, the plaintiffs must serve the defendants with the request for entry of default via registered mail, return receipt requested, and file the evidence of receipt. The plaintiffs must also show evidence of receipt of certified mail by O'Hara. Finally, entry of default is, of course, the first step. The plaintiffs must submit documents and an affidavit establishing the requisite basis for the damages and other relief they seek before a default judgment can be entered. The filings specified above must be completed by **March 29, 2013**.

SIGNED on February 27, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3