# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ARENA. *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2678 |
| | § | |
| MAGY ADAM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This suit alleges breach of contract and fraud relating to real estate investments. The plaintiffs sued Rosalie O'Hara, individually and as executrix of the estate of Vincent O'Hara; Magy Adams; Hristoula Hadded; and Arteria Property Pty., Ltd. On December 10, 2012, the plaintiffs moved for entry of default against the defendants. The plaintiffs stated that they served the complaint and summons on O'Hara in the United States, and on the other defendants in Australia. (Docket Entry No. 6). In a February 27, 2013 order, this court required the plaintiffs to provide additional information showing that, in serving the Australian defendants, they had complied with the Federal Rules of Civil Procedure, the Hague Service Convention, and applicable Australian law. (Docket Entry No. 18).

On March 25, 2013, the plaintiffs moved for an extension of time to comply with this court's order. (Docket Entry No. 19). This court granted a 30-day extension to comply with the order. (Docket Entry No. 20). The plaintiffs did not provide the court with the requested information by the extended date or explain their failure to comply. The delay and failure to comply with the court's order lead to the conclusion that the plaintiffs have not shown reasonable diligence in

effecting and proving effective service on the Australian defendants. *See Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (holding that "[b]ecause 'district courts need to be able to control their dockets,' [Federal Rule of Civil Procedure] 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." (quoting *Nylok Corp. v. Fastener World Inc*., 396 F.3d 805, 806 (7th Cir. 2005)). The claims against the Australian defendants are dismissed, without prejudice.

The plaintiffs have, however, sufficiently demonstrated that they served O'Hara. The plaintiffs filed a service return and affidavit executed by a process server stating that O'Hara was served personally in New Jersey. The plaintiffs' motion for entry of default also included a certificate of service stating that O'Hara was served with that motion through first-class and certified mail.

The clerk will enter default against O'Hara. By **August 15, 2013**, the plaintiffs must move for entry of a default judgment, attaching documents and affidavits establishing the basis for damages damages and other relief they seek, as well as any applicable attorneys' fees

SIGNED on June 4, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

2